**In re Walter Guy UNDERWOOD, III, and Carolyn Jean Underwood, a/k/a Carolyn Jean Dennison, Debtors.**

**Bankruptcy No. 80–20066.**
**Civ. A. No. 81–2023.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 18, 1982.

Kenneth A. Windstein, Charleston, W. Va., for debtors.

ORDER

COPENHAVER, District Judge.

■ The debtors, after filing their Chapter 7 voluntary petition in bankruptcy, sought to dismiss their petition in order to refile and add a post-petition tort creditor whose $2,400 claim arose out of an automobile accident involving the husband-debtor some three months after the bankruptcy filing.[1] The bankruptcy court, finding that the debtors had failed to show cause for the dismissal under Section 707 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 707, denied the motion to dismiss. *In re Underwood,* 7 B.R. 936, 7 BCD 130 (Bkrtcy.S.D.W. Va.1981). The bankruptcy court's denial of the motion is affirmed.

Section 707 provides as follows:

The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

    (1) unreasonable delay by the debtor that is prejudicial to creditors; and

    (2) nonpayment of any fees and charges required under chapter 123 of title 28.

The two examples given in section 707 specify grounds constituting cause when a creditor seeks the involuntary dismissal of a debtor's petition in bankruptcy. It can thus be argued that section 707 has no application where the debtor seeks dismissal of his own voluntary petition.[2] Section 707, however, is not by its terms so limited. *In re Williams,* 15 B.R. 655, 8 BCD 539 (E.D.Mo. 1981). Moreover, there is simply no sound reason why a voluntary debtor should not be required to show cause when he seeks dismissal.[3] The court concludes that section 707 governs the proposed dismissal by a debtor of a voluntary petition.

In this case, the debtors suggest that they need not show cause inasmuch as no creditor has objected to the proposed dismissal.[4] Pursuant to Rules 120(a) and 203(a)(5) of the Bankruptcy Rules of Procedure, the creditors listed in the debtors' schedules were notified by the court of a hearing on the proposed dismissal, at which hearing no objection was heard.[5] It is observed that the term creditor is defined in section 101(9) of the Act and does not for purposes here include a post-petition creditor. 11 U.S.C. § 101(9). Accordingly, the tort claimant received no notice of the hearing and so did not object.

The court is of the opinion that the dismissal request did not afford procedural due process to the post-petition tort claimant. The question of dismissal presented here is not a private dispute between the debtors and the listed creditors alone wherein a failure to contest on the part of the listed creditors entitles the debtor to an order of dismissal by default. Indeed, the real party in interest is the tort claimant who has received no notice and, by the routine of the system, would be afforded no

---

1. When the tort claim arose, the time for filing objections to discharge had passed without objections being filed. The bankruptcy discharge would by then doubtless have been entered and the case closed were it not for the delay occasioned by the exceptional demands then and now being made on the bankruptcy system in this district as well as nationwide.

2. The predecessor Bankruptcy Act of 1898 (§ 59(g), 11 U.S.C. § 95(g)) contained no similar express statutory requirement that a debtor proposing dismissal of his voluntary petition show cause. His right to dismiss was nevertheless controlled by equitable principles. *See* cases collected at 3 Collier, Bankruptcy, par. 59.34(2.2), p. 660, n. 20 (14th ed. 1975).

3. *See* Snider, Commencement of a Case, Practicing Under the Bankruptcy Reform Act (edited by Brody, Taggart and Lee, 1979), at page 38:

To the extent ... that a voluntary dismissal would prejudice creditors, the court could undoubtedly find that the debtor had not shown sufficient cause to warrant the dismissal.

4. This was the generally recognized rule under the Bankruptcy Act of 1898. *In re Riordan,* 95 F.2d 454 (7th Cir.1938); 3 Collier, Bankruptcy, par. 59.34(2.2), p. 660, n. 18 (14th ed. 1975).

5. The listed creditors, doubtless accustomed to receiving little or nothing in consumer bankruptcy cases, would normally have no reason to object; rather, they were likely gratified to learn of the proposed dismissal, perhaps mistakenly thinking the debtors intended to pay their debts.

opportunity of redress in the subsequently filed case for the lack of notice in the first. For all that is known, there may be still other post-petition creditors who would find themselves listed in a second petition but have received no notice of the proposed dismissal of the first one.

The failure of the debtors to see that the tort claimant received adequate notice of the proposed dismissal and an opportunity to be heard is ample reason to deny the motion to dismiss. It seems apparent that customary bankruptcy procedures as contained in Rule 203(a)(5) do not contemplate the sending of notice by the court's clerk of a proposed dismissal to a post-petition claimant such as the tort creditor in this Chapter 7 liquidation case. That, however, does not excuse lack of compliance with fundamental requirements of due process, both constitutional and statutory, on the part of the debtors who filed the motion. Section 707 expressly provides that dismissal may take place "only after notice and a hearing." Section 102(1)(A), 11 U.S.C. § 102(1)(A), stipulates that the phrase—

"'after notice and a hearing' . . . means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances;" [6]

The complete lack of notice to the one party who would have reason to object to dismissal—the post-petition tort claimant—is manifestly inappropriate in the circumstances of this case.[7]

Although the foregoing disposes of this appeal, the court addresses briefly the contention of the debtors that they have shown sufficient cause in that the primary purpose of the Bankruptcy Act is to furnish the debtors with a fresh start which will be denied them unless the post-petition tort claim can be included among their debts.

It is the debtors who chose the time of filing which serves as the point of cleavage for Chapter 7 liquidation bankruptcy purposes. Claims down to that date are generally subject to the debtors' discharge. Debts incurred after that date are unaffected. Their case had nearly run its course when they determined that they wished to dismiss in order to refile and add the post-petition tort claimant. Thus, the debtors seek not one fresh start, but two. In this fashion, they propose to circumvent the six-year limitation on Chapter 7 bankruptcy discharges contained in section 727(a)(8). 11 U.S.C. § 727(a)(8).

It is by grace of Congress that the Bankruptcy Reform Act, like its predecessor Act of 1898, permits a debtor to receive such a discharge, but limits the right to once every six years. Through the filing-dismissal-filing sequence, the debtors seek to abuse the periodic statutory right to relief which the public through Congress has decreed. Under the circumstances of this case, one could aptly conclude that the debtors had neither alleged nor shown cause warranting dismissal without prejudice. *In re Poirier,* 16 B.R. 691, 8 BCD 823 (Bkrtcy. D.Conn.1982); *In re Reynolds,* 4 B.R. 703, 6 BCD 575 (Bkrtcy.D.Me.1980). The debtors are not wholly without remedy, however, for they may resort to Chapter 13 of the Bankruptcy Reform Act during the six-year waiting period in order to obtain an extension of time within which to pay the tort claim and, perhaps, obtain a reduction in amount as well.

The decision below is affirmed and the appeal dismissed.

---

**6.** For relevant legislative history, see 1979 Collier Pamphlet Edition, Part 3, Bankruptcy Code, pp. 32–33, note following section 102(1), citing House Report No. 95–595, 95th Cong., 1st Sess. (1977) 315; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 27 U.S.Code Cong. & Admin.News 1978, 5787; 124 Cong.Rec. H 11,-090 (Sept. 28, 1978), S 17,407 (Oct. 6, 1978).

**7.** Rule 914 of the Rules of Bankruptcy Procedure also provides in pertinent part for notice as follows:

In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.