**In re HIGBEE, Chester L. Higbee, Judith.**

**Bankruptcy No. 185–02675.**

United States Bankruptcy Court, C.D. Illinois.

Feb. 19, 1986.

Charles E. Covey, Peoria, Ill., Trustee.

James S. Brannon, Peoria, Ill., for debtors.

Chester & Judith Higbee, Jeff Rock, Peoria, Ill., Special Atty. for trustee.

ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter comes before the Court on the Debtor, Judith Higbee's, Motion to voluntarily dismiss her Chapter 7 proceeding. The facts are uncontested.

On November 13, 1985, the Debtors, Chester L. Higbee and Judith Higbee, filed their Chapter 7 proceeding. At the time they filed their proceeding, the Debtor, Judith Higbee, had a possible personal injury claim. The Debtors and their attorney did not believe that the personal injury claim had any great value. On Schedule B-2 it is listed as having a value of $2,000.00 and on Schedule B-4 an exemption is claimed in an amount not to exceed $7500.00 in value. The Debtor, Judith Higbee, and her attorney now believe the claim is worth substantially more, possibly in excess of $200,-000.00. If such a recovery would be made, there would be enough assets to pay creditors 100%, with an excess being distributable to the Debtor, Judith Higbee. At this point in time, the personal injury claim is pending in state court and no offer of settlement has been made.

In support of her motion to voluntarily dismiss her Chapter 7 proceeding, the Debtor, Judith Higbee, argues the Trustee will settle her personal injury claim for less than what it is worth so as to insure that the creditors are paid, rather than going to trial in an attempt to obtain something more which would be distributable to her. The Debtor, Judith Higbee, doesn't want the Trustee to settle for a lesser figure but to assume the risks associated with the trial of a personal injury claim so that she

might obtain something for herself. The Trustee objected to the dismissal arguing his obligation is to the creditors and if an offer of settlement is made which is in the best interests of creditors, he should accept it, even if it is not in the Debtor, Judith Higbee's, best interest.

Section 707 provides in part as follows: "(a) The court may dismiss a case under this chapter ... only for cause ..." In construing Section 707(a) the courts have refused to dismiss a Chapter 7 proceeding where the dismissal would cause some plain legal prejudice to the creditors. Legal prejudice is found to exist where assets which would otherwise be available to creditors are lost because of the dismissal. *In re Hall*, 15 B.R. 913, 5 C.B.C.2d, 1028 (Bkrtcy.App.); *In re Halverson*, 1 C.B.C.2d, 906.

In the matter before this Court, if the motion to dismiss were allowed, creditors could lose an asset which might otherwise be available to them. It should first be noted, that once her Chapter 7 proceeding is dismissed, she would no longer be subject to the jurisdiction of this court and her creditors, through this court, would have no claim to any recovery. Furthermore, in an attempt to obtain a large recovery which would accrue to her benefit, she could refuse a settlement offer beneficial to creditors, and elect to try the personal injury claim. The results of such an election could be that nothing, or a small amount, would be recovered. Conversely, if the Chapter 7 proceeding is not dismissed, the Trustee will be in a position to attempt to maximize the amount that creditors will receive.

This Court recognizes that her personal injury claim might be settled in a manner beneficial to creditors without any benefits accruing to her. However, she knew of the existence of the personal injury claim and voluntarily elected to file the Chapter 7 proceeding. She must accept the consequences of her voluntary act.

Therefore, the Debtor, Judith Higbee's, motion to dismiss her Chapter 7 proceedings is **DENIED**.