**In re Mary Margaret KOMYATHY, Debtor.**

**Bankruptcy No. 89–04700–T.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Jan. 2, 1992.

Jack D. Maness, Norfolk, Va., trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This cause came to be heard upon debtor's motion to dismiss her chapter 7 bankruptcy case more than one year after re-

ceiving discharge. At a hearing held on September 17, 1991, the chapter 7 trustee objected to the motion and the court took the matter under advisement. For the reasons stated in this memorandum opinion the debtor's motion to dismiss will be denied.

### Findings of Fact

Debtor filed a voluntary chapter 7 petition on December 6, 1989. Approximately 30 days after this filing debtor learned that she would be receiving an inheritance sufficient to pay all of her creditors in full. At the § 341 meeting, debtor's attorney advised the trustee that he would seek voluntary dismissal of the case. However, no motion to dismiss was filed, and the debtor received a discharge in bankruptcy on March 28, 1990. The trustee has kept the file open pending distribution of the inheritance.

On August 5, 1991, the debtor filed an application seeking dismissal of the voluntary Chapter 7 petition pursuant to 11 U.S.C. § 707(a). The grounds upon which debtor relies in support of her motion are as follows: debtor has received partial payment of the inheritance and has so advised the trustee; most of the discharged creditors have already been paid off, and debtor has the ability and intention to fully pay all remaining discharged debt; creditors will not be prejudiced as a result of the voluntary dismissal; debtor wishes to avoid the stigma of bankruptcy.

Although the trustee objected to the voluntary dismissal, no objection has been raised by the creditors; however, the creditors have not affirmatively consented to the dismissal.

### Discussion and Conclusions

 Debtor seeks dismissal of her bankruptcy petition under § 707(a). Her trustee opposes dismissal.[1] Section 707(a)

---

1. The Fourth Circuit Court of Appeals has held that a chapter 7 trustee has standing to object to dismissal on behalf of unsecured creditors who have not affirmatively consented to the dismis-

sal. *See Penick v. Tice,* 732 F.2d 1211 (4th Cir.1984). In the present case, since there has been no affirmative consent on the part of the

provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause...." 11 U.S.C. § 707(a). Whether dismissal is granted is subject to the discretion of the court. *In re Hand*, 18 C.B.C. 206 (D.D.C. 1978); *In re Blue*, 4 B.R. 580 (Bankr.D.Md. 1980). The primary consideration courts have used in making this determination is whether dismissal will "cause some plain legal prejudice to the creditors. Legal prejudice is found to exist where assets which would otherwise be available to creditors are lost because of the dismissal." *In re Higbee*, 58 B.R. 71, 72 (Bankr.C.D.Ill.1986) (citation omitted). Other factors to be weighed include the good faith of the debtor, whether the debtor is guilty of laches, and the absence or presence of creditor consent. *In re Hand*, 18 C.B.C. at 208.

▪ The court in *Hand* confronted a situation almost factually identical to the present case. The debtor sought dismissal of his voluntary petition because he was to receive a substantial inheritance sufficient to pay his entire indebtedness.[2] He offered to put the funds in a trust for the benefit of the creditors. However, the court found that dismissal would prejudice the creditors since they would lose the "statutory protection afforded by a court appointed trustee in bankruptcy administering the estate for the benefit of all the bankrupt's creditors." *Id.* at 209. The court noted that under § 70a(8) of the former Bankruptcy Act [11 U.S.C. § 110a(8) ], property vesting in the bankrupt by bequest, devise or inheritance within six months of filing, vests in the trustee. The effect of this section was that the trustee could distribute this property as part of the estate to the creditors.

The same is true under the present Bankruptcy Code. Section 541(a)(5), the successor to § 70a(8), includes, as property of the estate,

[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

. . . .

11 U.S.C. § 541.

In the present case, the debtor claims that since she has already received partial distribution of the inheritance, has paid off most of her discharged debts, and intends and has the ability to fully pay all the remaining debt, the creditors will not be prejudiced by the discharge. Nevertheless, the rationale of *In re Hand* applies here.

▪ The inheritance received by the debtor meets the requirements of § 541(a)(5) and therefore is property which may be disbursed to creditors in satisfaction of her debts. In the absence of a dismissal, the trustee is available and indeed has the duty under § 704[3] to make this disbursement. Hence, taking as true the debtor's claim that the inheritance is sufficient to pay all of the creditors in full, the creditors are guaranteed payment of all monies owed to them. However, if dismissal were to be granted, the parties would no longer be under the jurisdiction of this court nor the Bankruptcy Code. The trustee would be relieved of his obligation to ensure payment to the creditors, and conversely, the creditors would lose the guarantee of repayment. In the absence of affirmative consent of the creditors, this lost guarantee constitutes plain legal prejudice.

▪ Finally, the fact that the debtor seeks dismissal more than one and one-half years after the time at which she became

---

creditors supporting voluntary dismissal, the trustee has standing to object.

**2.** It should be noted that in the *Hand* case, the debtor sought dismissal prior to discharge. However, this fact alone will not necessarily alter the analysis. *See In re Bishop,* 74 B.R. 677 (Bankr.M.D.Ga.1987).

**3.** "The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

. . . .

11 U.S.C. § 704.

aware of the inheritance weighs against granting the motion. *See In re Blue*, at 584. The court is not without sympathy for the debtor regarding her initial counsel's failure to timely file a motion for dismissal. Nevertheless, the trustee has been required to continue fulfilling his obligations to the estate since the filing of the petition in 1989.

In light of the trustee's objection, the debtor's motion for voluntary dismissal of the chapter 7 petition will be DENIED.

A separate order will be entered.