**In re Robert Fulwood KIRVEN, d/b/a Pinewood Builders, and Barbara Kirven, Debtors.**

**Bankruptcy No. 93–74025.**

United States Bankruptcy Court, D. South Carolina.

Sept. 30, 1994.

Dana E. Wilkinson, Columbia, SC, Robert F. Anderson, Columbia, SC, for the Trustee.

H. Eugene Trotter, Columbia, SC, for the Debtors.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

This matter is before the court on the debtors' Motion to Dismiss, and the objections to said motion filed by Robert F. Anderson, Trustee herein, and two creditors, the Resolution Trust Corporation [RTC] and Raymond J. Bartlett, individually and as personal representative of the estate of May Bartlett. Based upon the pleadings and arguments of counsel, this court finds as follows:

This Chapter 7 proceeding was filed on August 18, 1993. The debtors' motion to dismiss was filed almost one year after the filing of the original petition herein. The basis of the debtors' motion is the inheritance of a substantial sum from the estate of Mr. Kirven's mother, Arvila Kirven, who died in October 1993.

The debtors represent to the court that because of the inheritance, they now have the ability to pay their creditors. The debtors argue that creditors can enforce their claims in state court proceedings outside of bankruptcy if the case is dismissed.

■ While a debtor is free to file for bankruptcy protection, he does not enjoy the same discretion to withdraw his case once it has been commenced. *In re Schwartz*, 58 B.R. 923 (Bankr.S.D.N.Y.1986). The debtors must make a showing of cause to dismiss their voluntary case. Fed.R.Bankr.P. 1017(a); *In re Schwartz*, 58 B.R. at 925; *In re Mathis Ins. Agency, Inc.*, 50 B.R. 482, 487 (Bankr.E.D.Ark.1985). "Unlike a Chapter 13 bankruptcy case, where the debtor has an absolute right to dismissal, a debtor has no corresponding right to dismiss a Chapter 7 petition." *Id.*, citing *In re Waldrep*, 20 B.R. 248 (Bankr.W.D.Tex.1982) and *In re Martin*, 30 B.R. 24 (Bankr.E.D.N.C.1983). The *Mathis* court notes that "[a]dequate cause to dismiss does not necessarily exist upon a showing by the debtor of his ability to pay debts." *In re Mathis*, 50 B.R. at 486. The most important consideration is the best interests of creditors. *Id.*

■ This court adopts the standard enunciated by the court in *In re Komyathy*, 142

B.R. 755 (Bankr.E.D.Va.1992), for determining whether to grant a debtor's motion to dismiss. "The primary consideration courts have used in making this determination is whether dismissal will 'cause some plain legal prejudice to creditors....'" *Id.* at 757, quoting *In re Higbee*, 58 B.R. 71, 72 (Bankr. C.D.Ill.1986), and *In re Hand*, 18 C.B.C. 206, 208 (D.D.C.1978). Other factors to be considered include the good faith of the debtor, laches, and the absence of affirmative creditor consent. *In re Komyathy*, 142 B.R. at 755.

The court in *Komyathy* dealt with a situation similar to the case at bar. In that case, the debtor had waited approximately one and one-half years after becoming entitled to an inheritance to move the court for dismissal on the grounds that the inheritance enabled her to satisfy her debts. Although the delay in filing the motion was apparently due to an oversight by her former counsel, and the debtor had actually paid most of her prepetition debts, and retained sufficient funds to pay all her debts in full, the court found that the debtor had not met the burden of showing that creditors would suffer no legal prejudice. The court noted that if the bankruptcy were dismissed, the trustee would be relieved of his obligation to ensure payment to the creditors, and conversely, the creditors would lose the guarantee of repayment. "In the absence of the affirmative consent of the creditors, this lost guarantee constitutes plain legal prejudice." *Komyathy*, 142 B.R. at 757. The *Hand* court reached a similar conclusion despite the fact that the debtor in that case had offered to put the funds in a trust for creditors. *Hand*, 18 C.B.C. at 209.

■ In this case, the debtors' motion to dismiss was filed at least six months after the debtors learned of the inheritance. The court also notes that the debtors entered into a consent order on the eve of trial in an action to deny the debtors overall discharge, whereby Mr. Kirven waived his discharge, and Mrs. Kirven's discharge was granted. The debtors state that they no longer need the "fresh start" afforded by bankruptcy; in the case of Mr. Kirven at least, no such relief is available in any case.

The court also believes that it is appropriate to take into account the debtors' history of misleading statements, failure to disclose assets, and failure to cooperate with the trustee, which constituted the basis of the suit to deny discharge, in determining whether creditors will be prejudiced by dismissal. The debtors in this case failed to schedule assets when the case was filed, failed to notify the court and the creditors of the post-petition inheritance as required by law, and failed to cooperate with the trustee in the administration of their case. The court notes a similar pattern of behavior on the part of Mr. Kirven prior to bankruptcy, in an apparent attempt to avoid paying his obligations. Such deliberate and constant omission and fabrication leaves this court with no confidence that the debtors would modify their conduct and deal fairly with creditors outside bankruptcy if the case were dismissed. Creditors would certainly be prejudiced thereby.

The debtors argue that dismissal of this case will reduce the administrative expenses incurred in the Chapter 7 case. This court finds that argument unpersuasive. The bulk of the trustee fees and expenses in this case have been incurred in the effort to investigate the debtors' affairs, and trace the debtors' assets. The trustee has had to pursue turnover actions against the debtors and the executor of Mr. Kirven's mother's estate. At this point, if the debtors' objection to the RTC's claim, which is pending before this court, is sustained, very little additional expense will be incurred. If the RTC's claim is allowed, additional expenses may be incurred in liquidating the debtors' assets to raise needed funds. The magnitude of these expenses, however, is largely within the control of the debtors. This court finds that, by cooperating with the trustee, the debtors can limit the necessity of administrative expenses.

The debtors have offered their creditors no guarantee of payment outside bankruptcy. If this case remains in bankruptcy, the creditors are assured of at least equality of distribution[1], if not full payment of their claims.

However, if the case were dismissed, the creditors would be forced to take their claims to the state courts for enforcement, with no assurance of equality of distribution. This factor alone would constitute clear legal prejudice to the creditors, thus barring the debtors' voluntary dismissal of the case. Additional grounds for denial of the debtors' motion also exist in the debtors' litany of conflicting and patently false statements; their failure to cooperate with the trustee; and the debtors' laches, bringing this motion before the court only after the trustee's independent discovery of the inheritance and suit to deny discharge.

By reason of the foregoing, the motion of the debtors to dismiss the within Chapter 7 case is DENIED.

---

[1]. The underlying principal of equality of distribution in bankruptcy cases is central to the Bankruptcy Code. *In re Superior Siding & Window Inc.*, 14 F.3d 240, 242 (4th Cir.1994).