### In the Matter of Leslie G. CHURCHILL, Debtor.

### Bankruptcy No. BK94–40295.

United States Bankruptcy Court, D. Nebraska.

Feb. 28, 1995.

Bert E. Blackwell, McCook, NE, for debtor.

Philip M. Kelly, Trustee, Scottsbluff, NE.

Tim W. Thompson, North Platte, NE, for Howard H. Gatlin and Keith J. Pennell, creditors.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is an Application for Dismissal by the Debtor (Fil. # 16), the Trustee's Objection to Application for Dismissal (Fil. # 18), the Resistance to Trustee's Objection to Application for Dismissal (Fil. # 19), and the Objection by Howard H. Gatlin and Keith J. Pennell, Creditors, to the Debtor's Application for Dismissal (Fil. # 20). I conclude that the Application for Dismissal by the Debtor (Fil. # 16) should be denied.

### FINDINGS OF FACT

On March 31, 1971, the debtor filed a previous voluntary Chapter 11 case. The debtor, Mr. Leslie G. Churchill, was unable to formulate a plan of reorganization, and consented to being adjudicated a bankrupt on October 26, 1971 (Exhibit I). Objections to discharge were filed by Howard Gatlin and Keith Pennell, along with other creditors, in this previous case asserting fraud and concealment of assets on the part of the debtor. A trial was set on the objections to discharge. The debtor failed to appear at the trial, and an order was entered finding that the bankrupt had waived his right to discharge (Exhibit N).

On March 15, 1994, the debtor filed the present Chapter 7 bankruptcy. At the § 341 meeting in this case, the debtor testified that he had never filed bankruptcy before. The debtor testified that the land he currently resides on is owned by his son, Leslie Dean

Churchill, and that he was leasing the land from his son. The debtor also testified that he did not own a home, and had not transferred property within twelve months of the bankruptcy filing. Subsequently, the debtor has admitted his previous bankruptcy filing. In addition, it has been alleged that the debtor was involved in an arguably fraudulent transfer of property prior to the present bankruptcy case in which the debtor signed the name of his son as purchaser on the contract for purchase of the land where he resides without authorization and without disclosing this fact to the notary present. This property is not listed on the debtor's bankruptcy schedules, which lists a different address for the debtor. The debtor has also admitted to transferring this property to his girlfriend, Jan Schulte, within twelve months of bankruptcy by signing his son's name to a quitclaim deed without authorization. Furthermore, it has been alleged that prior to the bankruptcy filing, the debtor and his girlfriend, posing as his wife, purchased a manufactured home which is located on the property aforementioned, and in which the debtor currently resides. This ownership interest in the manufactured home was not disclosed on the debtor's bankruptcy schedules. The debtor also failed to disclose a lien interest in the home held by Green Tree Acceptance Corp., and a lien interest in a diesel tractor held by Ford Motor Credit. These various undisclosed facts and allegations have become known through the diligent efforts of the trustee and the objecting creditors.

The debtor has now moved to dismiss this case, alleging that he intends to file a Chapter 13 bankruptcy under the new eligibility standards which increases debt limits. The trustee and two creditors of the debtor have objected to dismissal.

### DISCUSSION

Chapter 7 of the Bankruptcy Code serves dual purposes. It provides debtors with an opportunity for a fresh start, free of dischargeable debts. Equally important, it provides creditors with a collective remedy by which non-exempt assets are liquidated in an efficient way for the benefit of creditors.

Once a Chapter 7 case is commenced and under administration, the goal of providing a collective remedy to creditors would be frustrated if the Chapter 7 debtor, having enjoyed the benefits of bankruptcy protection under § 362, could dismiss the case as a matter of right. Such frustration of the creditors' collective remedy, particularly when creditors and the trustee have discovered undisclosed assets, would be unfair absent good cause.

In congruence therewith, § 707(a) provides that a Chapter 7 bankruptcy case may only be dismissed "for cause". 11 U.S.C. § 707(a) (1995); *In re Franck*, 87 Neb.Bank.Op. 57, March 24, 1987. Section 707(a) has been held to apply to dismissal by a debtor. *In re Underwood*, 24 B.R. 570, 571 (S.D.W.Va.1982). Furthermore, determining whether cause exists to dismiss a case requires a balancing of the interests of the debtor and creditors. *In re Schwartz*, 58 B.R. 923, 925 (Bankr.S.D.N.Y.1986). I conclude that the debtor has not shown that cause exists to dismiss this case.

The trustee and creditors of the debtor have provided ample evidence why this case should not be dismissed—the debtor has concealed assets and failed to disclose important information. In this case the creditors are entitled to the collective remedy provided by Chapter 7 bankruptcy.

The fact that the debtor may be barred by § 727 from receiving a discharge in this case does not suggest to me that the case should be dismissed. Having filed a voluntary Chapter 7 case and concealed assets the debtor is subject to the consequence of his acts and omissions.

I thus conclude that the debtor should not be permitted to avoid the orderly liquidation of assets and possible non-discharge of debts. Dismissal and refiling by the debtor in Chapter 13 would only serve the debtor's self-interest and the delay would further frustrate creditors in this case, who have been seeking recovery since the first bankruptcy proceeding commenced in 1971.

IT IS THEREFORE ORDERED, that the Application for Dismissal by the Debtor (Fil. # 16) is denied.