**In re Jessica L. McCULLOUGH, Debtor.**

**Bankruptcy No. 98–37103–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 15, 1999.

E. Margriet Langenberg, Warrenton, VA, for Debtor.

Lynn L. Tavenner, Wright, Robinson, Osthimer & Tatum, Richmond, VA, for Chapter 7 Trustee.

### MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on the Motion of Jessica L. McCullough (the "Debtor") for a voluntary dismissal of her Chapter 7 bankruptcy case (the "Motion"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A); venue is proper under 28 U.S.C. § 1409. Upon consideration of the parties' pleadings, and after a hearing held on this matter on December 16, 1998 (the "Hearing"), the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Motion was filed on November 17, 1998; the Debtor's underlying bankruptcy petition was filed on September 24, 1998. In the Motion, Debtor states that she attended the Bankruptcy Code (the "Code") § 341 meeting and provided all documents, agreed to the entry of a consent order lifting the § 362 automatic stay regarding her real property, and agreed to surrender voluntarily her automobile. Debtor seeks to dismiss her present Chapter 7 case without prejudice to her ability to file another Chapter 7 proceeding within 180 days of the dismissal of the present Chapter 7. Debtor states that dismissal would not be a substantial abuse of the Code nor would it work to the detriment of any of her creditors. Debtor also states that her minor son, while driving an automobile titled and owned by her, was involved in an accident post-petition (the "Accident"),

and because of her interest in the vehicle involved in the Accident, she may have potential liability as a result of the Accident.

Responses objecting to the Motion were filed by Gregg R. Nivala, the Assistant United States Trustee, and by Lynn L. Tavenner, the Chapter 7 Trustee in the case, both on December 8, 1998. Both objections essentially state that dismissal of the case may serve as a prejudice to the creditors in the case as the value of any assets which may be recovered and distributed to creditors in this case will be depleted by the amount of the additional claims of creditors which the Debtor wishes to add in a subsequent Chapter 7 case. The Fourth Circuit has held that the Chapter 7 trustee has standing to object to a voluntary dismissal. *See Penick v. Tice,* 732 F.2d 1211, 1213 (4th Cir.1984). On December 14, 1998, the Debtor filed responses to both of the above mentioned objections, stating that dismissal will not prejudice any creditors because the Chapter 7 case is a no asset case. The Court conducted the Hearing on December 16, 1998; the Debtor, Debtor's counsel, Gregg R. Nivala, and Lynn L. Tavenner were all in attendance.

### CONCLUSIONS OF LAW

#### I. Relevant Code Section and the Standard

■ The relevant Code section is § 707(a), which states as follows: "The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including. . . ." This section, with the use of the discretionary word "may," clearly differs from the dismissal provision for Chapter 13 cases, § 1307, which provides that the Court "shall" dismiss a case on the request of the debtor at any time. Section 707 goes on to provide three instances of a debtor's actions which would lead to dismissal; because of the word "including," these three instances are not the exclusive and only ones which will result in dismissal. It is to be noted, however, that these enumerated provisions allude to a debtor's wrongdoing which would enable a creditor to pursue dismissal of the case. Although some courts, including this one in *In re Wirick,* 3 B.R. 539 (Bankr.E.D.Va. 1980), have questioned whether § 707 even

addresses a debtor's voluntary motion to dismiss a Chapter 7 case, most courts assume, as this one did in *Wirick,* that a voluntary withdrawal by a debtor of a Chapter 7 petition is allowed so long as the Court finds "cause." Except to the extent the three stated inclusions tend to suggest the parameters of cause as being faults of the debtor, the Code does not provide a definition of "cause."

■ The decision on dismissal falls squarely within the sound discretion of the Court and such a decision will be reversed only if the exercised discretion has been abused. *See In re Marks,* 174 B.R. 37, 39 (E.D.Pa.1994). A motion to dismiss a bankruptcy case is a serious matter affecting the rights of the debtor and all creditors, and at the hearing on such a motion, the Court is required to consider the impact that a dismissal will have on the various entities involved in the case and to ascertain which direction satisfies the best interest of all parties. *See In re Price,* 211 B.R. 170, 172 (Bankr.M.D.Pa.1997). The key decision, this Court has held, is whether the dismissal is in the best interests of the creditors and the debtor. *See In re Williamsburg Suites, Ltd.,* 117 B.R. 216, 218 (Bankr.E.D.Va.1990). A voluntary dismissal will normally be denied when the dismissal will cause some plain legal prejudice to the debtor's creditors. *See In re Carroll,* 24 B.R. 83, 86 (Bankr. N.D.Ohio 1982). Legal prejudice is found to exist where assets which would otherwise be available to the creditors are not available because of the dismissal. *See In re Komyathy,* 142 B.R. 755, 757 (Bankr.E.D.Va.1992).

■ Counsel for the Debtor notes in the Motion and argued during the Hearing that the presumption in Code § 707(b) is applicable here. That presumption states as follows: "There shall be a presumption in favor of granting the relief requested by the debtor." Counsel, however, misreads this presumption. Normally, in a Code § 707 proceeding, another party, usually the trustee or a creditor, is moving for the Chapter 7 case to be dismissed because of some misconduct on the part of the debtor, such as delay, nonpayment of fees, or failure to file certain

documents. In such a proceeding, the presumption applies in favor of the debtor to keep the Chapter 7 case alive so that the debtor can proceed to the discharge stage of the case and receive the "fresh start" contemplated by the Code. Thus, because the Debtor here is the party moving for dismissal and not for maintaining the existence of the case, the presumption in Code § 707(b) is not applicable nor helpful to the Debtor.

## II. Debtor's Purpose in Seeking Dismissal Does Not Rise to the Level of "Cause"

 The Debtor's sole reason for seeking dismissal of the present Chapter 7 case so that she can file another Chapter 7 case is the potential liability which may arise from the Accident. The Debtor testified during the Hearing that this was the only reason why the Motion was filed.[1] This reason does not rise to the level of "cause" which the Court must find in order to grant the Motion. Case law is clear in holding that the dismissal of a voluntary bankruptcy proceeding for the purpose of refiling another case is not cause for dismissal. *Carroll*, 24 B.R. at 87. The Debtor's purpose, it would seem, would be to dismiss the present case in order to refile and include any creditors who may come into existence as a result of the Accident; thus, the Debtor would be able to add creditors who came into existence following the first petition but prior to the second petition. Case law, again, is clear in holding that a debtor is not entitled to a dismissal if only for the purpose of listing post-petition creditors in a new petition. *See Matter of Poirier*, 16 B.R. 691, 695 (Bankr.D.Conn. 1982).

There are two reported decisions which are similar to the case at bar in that potential liability from a car accident arose post-petition. In *In re Compston*, 161 B.R. 636 (Bankr.N.D.Ohio 1993), the Court held that Chapter 7 debtors could not voluntarily dismiss their case in order to refile and include any post-petition claims emanating from a post-petition car accident. The Court held that such a purpose does not constitute "cause" under Code § 707. *Id.* at 638. In addition, the Court held that the debtors did not prove that dismissal would not prejudice the rights of the post-petition creditors, and stated that the debtors were not without recourse because they were not precluded from discharging their post-petition debts in a subsequently filed Chapter 13 case following discharge in the Chapter 7 case. *Id.; see also In re Underwood*, 24 B.R. 570 (S.D.W.Va.1982) (dictum) (relief under the provisions of Chapter 13 results in a discharge notwithstanding the entry of a discharge under Chapter 7 within the previous six years).

*Underwood* is the other decision similar to the case at bar. There, the Court held that debtors seeking to dismiss their voluntary petition in order to refile and add a post-petition tort creditor in order to erase a claim which arose out of an automobile accident which occurred three months after the initial bankruptcy filing were seeking to abuse the periodic statutory right to relief which Congress decreed and did not establish cause for dismissal. *Id.* at 572. In light of this authority, it is clear that the Debtor's reason for seeking dismissal here, to add potential post-petition creditors arising out of the Accident, does not rise to the required level of cause.

---

1. In terms of the notice requirements for the Motion, Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure, along with case law, require that all creditors, including post-petition ones, be given proper notice of a debtor's motion to dismiss a voluntary petition if dismissal is sought only for the purpose of listing post-petition creditors, as is the case here. *See In re Compston*, 161 B.R. 636, 638 (Bankr. N.D.Ohio 1993); *see also Matter of Poirier*, 16 B.R. 691, 695 (Bankr.D.Conn.1982). The Motion in the case at bar indicates that the Motion was served on all creditors and all parties in interest, as was a notice of the Hearing. It is unclear, however, if notice of the Motion and Hearing was provided to any post-petition creditors, including the potential tort liability creditors from the Accident, which may come into existence post-petition. The notice issue was simply not raised during the Hearing. The Court need not rule on the notice issue in order to reach its decision today, but notes that not serving the post-petition creditors would be a fatal procedural roadblock which would stand in the way of the Court's granting this motion to dismiss a voluntary Chapter 7 petition for the purpose of adding post-petition creditors.

### III. Debtor's Other Arguments

■ Debtor argues that dismissing the current Chapter 7 case so that she can file another Chapter 7 case will provide her with the fresh start which is contemplated by the Code. The Court finds this argument to be without merit. The Debtor has already sought the fresh start by filing her first petition and seeking a discharge of her debts; filing this petition had significant legal consequences as stays were issued, an estate was created, and a trustee was appointed. Dismissal for the sole purpose of filing a new petition would circumvent these provisions of the Code and would set a dangerous precedent. For example, creditors often establish credit or perform services subsequent to the filing of a petition in reliance on the fresh start; knowing that a case can be dismissed and then refiled may reduce such creditor willingness. Starting, stopping, and then restarting such a chain of events only for the purpose of adding post-petition creditors does not constitute sufficient cause under Code § 707. Also, the six-year limitation between discharge and refiling a Chapter 7 case is thwarted if the debtor can treat the prior filing as if it never happened.

■ In addition, the Debtor argues that her Chapter 7 case is a no asset case and that there will be no prejudice to the pre-petition creditors as a result of enlarging the discharge. The Court disagrees with this argument. Many petitions are filed as no asset cases only for it to be later determined to be otherwise. There could be preference actions or fraudulent transfer actions which, if successful, would result in more assets being available for distribution to creditors. The problem with a voluntary dismissal and subsequent refiling is the possibility that these preferences or fraudulent transfers may be able to be set aside if they fall within the required time limits from the present filing, but may fall beyond the required time limits from a subsequent filing.

[13] Finally, to buttress her argument, the Debtor cites the following case, *In re Sole*, 1998 Bankr.LEXIS 801 (Bankr.E.D.Va. 1998), for the proposition that the Court has the authority to allow a debtor to file another bankruptcy proceeding within 180 days of dismissal despite the language of the Code in § 109(g)(2). In *Sole*, nearly twenty months had expired between the motion for relief under Code § 362 and the voluntary dismissal of the case. Three days following the dismissal, the debtor sought to file another Chapter 13 petition, and the Chapter 13 trustee moved to dismiss the case pursuant to Code § 109(g)(2) because the required 180 days had not lapsed since the dismissal. The Court in *Sole* allowed such a refiling because it found that there was no causal connection between the voluntary dismissal and the motion for relief from stay. This holding is not applicable to the case at bar; this is a Chapter 7 matter, while the *Sole* case dealt with the absolute right of the debtor to dismiss and subsequently refile a Chapter 13 petition.[2] The case at bar has to do with the

---

2. While the Court does not necessarily agree with the holding in *Sole*, nor with the opinion in *In re Duncan*, 182 B.R. 156 (Bankr.W.D.Va. 1995), the main decision upon which Judge Adams relies in *Sole*, the Court would only need to address these opinions if it were to decide that the present case should be dismissed. The Court, however, does note that it is even less enamored by the *Duncan* decision in light of the fact that a creditor would not object to the debtor's motion to dismiss when the creditor had sought and obtained Code § 362 relief in light of the fact that he intended to rely on the statutory proscription in Code § 109(g)(2) against refiling within 180 days. It is not unreasonable to believe that the creditor, after the case was dismissed, would rely on the trustee's objection to the refiling based on the same clear language of that section. That creditor, in light of the statutory proscription, would see no need to object to

the refiling or to put on any evidence of a "causal connection" between the relief from stay and the voluntary dismissal. A reading of *Duncan* seems to put the onus on a creditor who has been granted Code § 362(d) relief to object to a voluntary dismissal of a Chapter 7 case unless that creditor has recovered and disposed of the secured property so that the debtor no longer has a scintilla of rights in the property. The creditor should be able to rely simply on the words of the statute.

It might be added that *Sole* involved the dismissal of a Chapter 13 case which does not require the "requesting and obtaining" of a dismissal. Dismissal is a right granted to a Chapter 13 debtor unless the case was originally filed as a Chapter 7. For that reason it may well be argued that only one of the conditions of Code § 109(g)(2) has occurred, i.e. the request for relief from stay, and therefore, the debtor may not

dismissal of a Chapter 7 petition and not with the filing of a new petition, and such a dismissal is allowed only for cause pursuant to § 707(a). As stated, however, the intent to refile is a basis for denying the requested voluntary dismissal.

## CONCLUSION

According to Code § 707(a), the Debtor must establish cause in order for the Court to grant the voluntary dismissal sought here. As provided above, the Court finds that cause has not been established. The case law is clear in providing that seeking to dismiss a Chapter 7 case for the sole purpose of refiling is not sufficient. The Court finds that such a dismissal with the intended purpose of a subsequent refiling would result in an enlarged discharge and would subvert the statutory limitation of Code § 727(a)(8), which allows Chapter 7's to be filed only once in six consecutive years. Granting the dismissal would also establish a bad precedent for future cases as creditors would be hesitant to rely on the fresh start of a debtor if the debtor could dismiss the case and quickly refile another one. The Debtor's situation here may be unfortunate, but as provided above, the Debtor is not without recourse as a Chapter 13 petition following the discharge of the current Chapter 7 case may be available. Whether that Chapter 13 proceeding can withstand a challenge is not an issue before the Court. An appropriate Order will be entered simultaneously herewith in conformity with this Memorandum Opinion.

be prohibited from filing within the 180–day period.