**In re MISTY MOUNTAIN, L.C., Debtor.**

**Misty Mountain, L.C., Appellant,**

v.

**United States Trustee, and W. Alan Smith, Jr., Chapter 7 Trustee, Appellees.**

**CIV.A. No. 3:01CV00051.**

United States District Court, W.D. Virginia, Charlottesville Division.

Nov. 26, 2001.

Roy David Bradley, Bradley Law Firm, P.C., Madison, VA, for appellant.

William Stephen Scott, Scott & Kroner, P.C., Charlottesville, VA, James Gordon Cosby, Office of the U.S. Trustee, Roanoke, VA, William F. Schneider, Smith & Falcone, Lynchburg, VA, for appellees.

### MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Misty Mountain, L.C., the debtor, appeals the decision of the bankruptcy court to deny its motion for voluntary dismissal. The appellant also moves this court to dismiss "The Williamson Group, Inc.," (hereinafter, "WGI"), as an appellee. Jurisdiction is invoked pursuant to 28 U.S.C. § 158(a).

### I.

The appellant, Misty Mountain, L.C., filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code on February 2, 2000. The bankruptcy court granted the appellant time to refinance or restructure its debt. When the appellant did not refinance within the court-approved schedule, the court lifted the stay on the appellant's real estate which was subject to a deed of trust held by WGI, a secured creditor with a claim for $605,035.00. A foreclosure sale took place on September 14, 2000. An affiliate of the debtor, Misty Mountain Vineyard and Winery, Inc., purchased the property with a $641,000 bid. A deposit of $72,000 was paid to a substitute trustee. Meanwhile, on September 20, 2000, the bankruptcy court granted the United States

Trustee's motion to convert the case from a Chapter 11 to a Chapter 7 case. On October 18, 2000, the appellant filed a motion for voluntary dismissal of the Chapter 7 bankruptcy case pursuant to Bankruptcy Rule 1017.

As the purchaser in the first foreclosure sale defaulted, WGI purchased the property at a second foreclosure sale on November 13, 2000 with a bid of $551,601.00.

On January 22, 2001, the bankruptcy court heard, *inter alia*, the appellant's motion for voluntary dismissal. The United States Trustee and the Chapter 7 Trustee objected to the motion. WGI also indicated at the hearing that it objected to dismissal of the case and supported the objections of the Chapter 7 and United States Trustees. Despite this, the appellant argues that no creditor filed an objection, and that a trustee may only object to the extent that the trustee's fees have not been paid.

The bankruptcy court denied the motion for voluntary dismissal in an order, dated February 14, 2001. At the same hearing, the bankruptcy court deferred ruling on a motion by WGI for disbursement of funds deposited by the substitute trustee.

This appeal followed. The issue designated for appeal is:

> The debtor filed a voluntary motion to dismiss the bankruptcy case and noticed all creditors. There were only two unsecured creditors neither of which objected to dismissal. The Trustee was the only party filing an objection. Appellant asserts that the case law only allows the trustee limited standing to object to voluntary dismissal if costs or other expenses are not paid. (Designation of Record and Issues on Appeal at 2).

Also before the court is the debtor's "Motion to Dismiss The Williamson Group, Inc., as an Appellee," filed on May 25, 2001.

## II.

The district court reviews the bankruptcy court's conclusions of law *de novo* and findings of fact for clear error. *See Crossroads of Hillsville v. Payne*, 179 B.R. 486, 488 (W.D.Va.1995)(*citing In re Midway Partners*, 995 F.2d 490, 493 (4th Cir.1993)). A decision of the bankruptcy court to grant or deny a motion for voluntary dismissal is reviewed for abuse of discretion. *See In re Turpen*, 244 B.R. 431, 433 (8th Cir. BAP 2000); *see also In re McCullough*, 229 B.R. 374, 376 (Bankr.E.D.Va.1999)(citing *In re Marks*, 174 B.R. 37, 39 (E.D.Pa.1994)). A court abuses its discretion if its findings are based on clearly erroneous factual findings or if it uses an erroneous legal standard. *See McDow v. Official Committee of Equity Sec. Holders of Criimi Mae Inc.*, 247 B.R. 146, 151 (D.Md.1999)(citing *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir.1999)).

## A.

A debtor has no right to a voluntary dismissal. *See In re Turpen*, 244 B.R. at 434 ("Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case."); *see also In re McCullough*, 229 B.R. at 376 (noting that use of the word "may" in the statute leaves dismissal to the court's discretion). In ruling on a motion for voluntary dismissal, a bankruptcy court considers "the impact that a dismissal will have on the various entities involved in the case and [. . .] ascertain[s] which direction satisfies the best interest of all parties." 229 B.R. at 376. A court may consider many factors including:

> (1) whether all of the creditors have consented;

(2) whether the debtor is acting in good faith;

(3) whether dismissal would result in an prejudicial delay in payment;

(4) whether dismissal would result in a reordering of priorities;

(5) whether there is another proceeding through which the payment of claims can be handled; and

(6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

*In re Turpen,* 244 B.R. at 434.

## B.

The appellant's argument is two-fold. First, the appellant states that no creditor objected to the voluntary dismissal motion and second, that the trustees had no standing to object to the dismissal. The court finds that the first is an incorrect statement of fact, and the second is an incorrect statement of law.

Namely, the record reflects that at the hearing held by the bankruptcy court, counsel for WGI did state his client's opposition to the voluntary dismissal motion before the court:

> [W]e continue to object to a dismissal of the case and supported the position and the objection filed by the U.S. Trustee and the Chapter 7 Trustee. We did not file our own separate objection to dismissal because we felt with their having filed their motion, we certainly supported it and felt that it was an appropriate thing to do, absent a settlement or resolution between the Williamson Group and the debtor.

(Tr. 1/22/01 hr'g at 9–10).

WGI counsel specifically addressed the appellant's assertion that the creditors were all satisfied and had not objected:

> Just to make it clear, Judge, our claim has not been satisfied.

We are still owed money. There is a deficiency claim still owed to the Williamson Group, Inc.

(Tr. 1/22/01 hr'g at 10–11).

Therefore, the record clearly reflects that The Williamson Group, Inc. did object at the hearing to the appellant's motion for voluntary dismissal.

■ As for the second argument regarding the standing of a trustee to object, the appellant relies on *In re Wirick,* 3 B.R. 539 (Bankr.E.D.Va.1980), for the contention that a trustee has no standing to object to a dismissal unless it is with regard to the payment of his own fees and costs. However, as the appellees point out in their briefs, the Fourth Circuit expressly rejected this rule in *Penick v. Tice,* 732 F.2d 1211, 1213 (4th Cir.1984). Instead, this Circuit adopted the reasoning of the Ninth Circuit in finding that " 'the intent of the Bankruptcy Reform Act is better served by granting the trustee a more expanded role in the dismissal process.' " *Id.* (quoting *In re Hall,* 15 B.R. 913, 915 (9th Cir. BAP 1981)). Accordingly, the Fourth Circuit held that trustees do have standing to object on behalf of unsecured creditors who do not affirmatively consent to the dismissal. *See id.* at 1214.

■ In this case, the Chapter 7 Trustee argued that the WGI claim of $605,035.00 had not been satisfied with the $551,601.00 credit bid at the foreclosure sale. Thus, a dismissal could result in the remainder of the claim going unpaid. The Chapter 7 Trustee also indicated that there might be another unsecured creditor involved in the proceedings. Moreover, the United States Trustee brought to the bankruptcy court's attention the need for the appellant to provide an accounting of certain funds. Under *Penick,* the bankruptcy court properly considered these ob-

jections in ruling on the appellant's motion for voluntary dismissal.

The issues raised before the bankruptcy court by the Trustees and WGI revealed the existence of unfinished business in the case. Another indication that this case was not ripe for dismissal was the decision by the bankruptcy court to defer ruling at the hearing on the motion filed by WGI for a disbursement of funds held by the substitute trustee. The bankruptcy court ordered the parties to provide further information about the origin of the funds and the existence of possible creditors. On February 23, 2001, the bankruptcy court denied WGI's motion and ordered the funds turned over to the Chapter 7 Trustee instead of WGI. The court mentions this because it appears that it is the bankruptcy court's denial of this motion rather than the motion for dismissal which is at the core of the appellant's grievance. Indeed, the appellant has requested that this court order the Chapter 7 Trustee to pay those funds to WGI. According to the appellant, this would result in the settlement of all claims. The court notes, however, that the bankruptcy court's ruling on the transfer of funds and its potential impact on WGI's claim falls outside the scope of this appeal which deals solely with the bankruptcy court's decision to deny the appellant's motion for dismissal.

To reiterate, this court is reviewing for abuse of discretion the bankruptcy court's denial of the motion for dismissal. Given the showing of prejudice to WGI and the *objections* of the Trustees, the bankruptcy court did not abuse its discretion in denying the debtor's motion for voluntary dismissal. Indeed, the bankruptcy court

correctly considered "the impact that a dismissal [would] have on the various entities involved in the case." *See In re McCullough,* 229 B.R. at 376. Accordingly, the court rejects the debtor's appeal.[1]

### C.

The appellant also filed a motion to dismiss The Williamson Group, Inc. as an appellee in this proceeding. The appellant filed this motion in anticipation of an attempt by the Trustees to assert the right of The Williamson Group, Inc. to be an appellee in this case. (Appellant's Opening Br. ¶ 20). However, neither the United States Trustee nor the Chapter 7 Trustee made such a request of this court. The Williamson Group, Inc. is not an appellee in this case. Accordingly, the court denies the appellant's motion as moot.

### III.

For the foregoing reasons, the court affirms the decision of the bankruptcy court to deny the debtor's motion for voluntary dismissal and denies as moot the debtor's motion to dismiss The Williamson Group, Inc. as an appellee.

---

1. The appellant also seeks that the court deny attorney's fees to the Chapter 7 Trustee because he allegedly filed frivolous pleadings in the bankruptcy case. The court addresses this request only to the extent that it finds such a request is not properly before the court on this appeal. The appellant did not appeal any ruling the bankruptcy court may have made regarding attorney's fees, and neither Trustee has petitioned this court for attorney's fees.