In re John Austin KENNEDY, Jr., Debtor.

No. 6:04–BK–13000–ABB.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Aug. 17, 2005.

John Austin Kennedy, Jr., pro se.

Lynnea Concannon, Sean D. Concannon, LS Concannon PA, Longwood, FL, for trustee.

### AMENDED ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on for consideration upon debtor's Motion to Dismiss (Doc. No.

28). The issue is whether a debtor may obtain a dismissal of voluntary Chapter 7 proceedings, over the objection of the trustee, where the debtor filed Chapter 7 based on misguided legal advice. After reviewing the pleadings and considering the parties' arguments and the applicable law, this court finds that a debtor may dismiss the voluntary Chapter 7 proceedings, over the objection of the trustee.

## FINDINGS OF FACT

The debtor filed a voluntary Chapter 7 petition (Doc. No. 1), without the benefit of counsel, on December 3, 2004.[1] The debtor moved to dismiss on May 27, 2005 (Doc. No. 28). Dismissal was granted on June 29, 2005, and the trustee filed a Motion for Rehearing. The court granted the trustee's motion and the rehearing on the Motion to Dismiss occurred on August 8, 2005.

At the time of filing, the debtor was engaged in civil litigation with a former business partner, Paul Gregg. The debtor's attorney in that matter advised him to file for Chapter 7 liquidation and resolve the matter in bankruptcy court to avoid the increasing costs of litigating in state court. That attorney does not practice bankruptcy law and his advice that the debtor should file bankruptcy was misguided. The civil litigation is not currently active and there is no benefit at this point to pursuing Chapter 7 relief. The debtor's debts in addition to the civil litigation are approximately $150,000.

The trustee brought adversary proceedings against the debtor twice, alleging that the debtor wrongfully transferred assets to family members in an attempt to hinder, delay, or defraud creditors or the trustee. The trustee believes these transfers were preferential and were made with actual intent to defraud the existing creditor from the civil litigation.

The debtor maintains that he spent and gifted his assets out of a belief that he was terminally ill and would no longer need the assets, rather than to avoid his major creditor. The state court litigation was not initiated until six months after the debtor gifted money to his family. The debtor attempted to engage in estate planning in light of his belief that he was terminally ill.

Pursuant to 11 U.S.C. § 707(a), cause for dismissal exists in this case since the debtor filed a Chapter 7 case based upon misguided legal advice and there is no purpose in pursuing the Chapter 7 case.

## CONCLUSIONS OF LAW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

The court may dismiss a Chapter 7 case for cause, after notice and hearing. 11 U.S.C. § 707(a). Notice was given on June 3, 2005 (Doc. No. 32) and the hearing was held on June 27, 2005. The trustee filed a Motion for Rehearing, which was granted. The rehearing was held on August 8, 2005. Cause for dismissal is the only issue before the court at this time.

█ The court finds that cause to dismiss exists where the debtor filed for Chapter 7 relief based on misguided advice. The statute provides a non-exhaustive list of sample dismissal causes: unreasonable delay by the debtor that is prejudicial to creditors, nonpayment of any required fees or charges, and failure of a debtor in a voluntary case to provide

---

1. This Order is amended to correct a scrivener's error. The original order listed December 3, 2005 as the petition filing date.

required information. 11 U.S.C. § 707(a). The reasons listed in the statute focus on the debtor's wrongdoing, and the legislative history of 11 U.S.C. § 707 is limited. Although the legislative history specifies that the debtor's willingness and ability to pay creditors outside of bankruptcy does not give rise to cause for dismissal, the issue at hand is actually whether bankruptcy court was the appropriate forum for this debtor. H.R.Rep. No. 595, 95th Cong. 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 94 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6336, 5787, 5880.

■ The debtor filed Chapter 7 without competent legal counsel and now realizes that he was misinformed about Chapter 7. The court may dismiss the case for cause, after notice and a hearing. 11 U.S.C. § 707(a). Nothing in the statute, case law, or legislative history precludes the court from dismissing a Chapter 7 case based on misguided filing. The bankruptcy court has the discretion to dismiss a voluntary Chapter 7 case. *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir.1988); *In re Komyathy*, 142 B.R. 755, 757 (Bankr. E.D.Va.1992); 2–301 Collier on Bankruptcy—15th Edition Revised P 301.15.

■ "A central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), citing to *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). In keeping with the spirit and intent of the Bankruptcy Code, this court finds cause for dismissal exists where the debtor filed for Chapter 7 relief based on misguided legal advice. Accordingly, the debtor may obtain dismissal of a voluntary Chapter 7 case over the objection of the trustee. Therefore, it is

**ORDERED, ADJUDGED, AND DECREED**

That the trustee's objection to the debtor's Motion to Dismiss is **OVERRULED**; it is further

**ORDERED, ADJUDGED, AND DECREED**

That the debtor's Motion to Dismiss is **GRANTED**; it is further

**ORDERED, ADJUDGED, AND DECREED**

That the automatic stay imposed by 11 U.S.C. § 362 is lifted and the filing of this case no longer acts as a stay against collections and other actions against the debtor and the debtor's property; it is further

**ORDERED, ADJUDGED, AND DECREED**

That concurrent with this order, Adversary Proceeding Number 6–05–ap–00090–ABB and Adversary Proceeding Number 6–05–ap–00175–ABB are hereby **DISMISSED** without prejudice; and it is further

**ORDERED, ADJUDGED, AND DECREED**

That pursuant to 11 U.S.C. § 105 and 109(g), the debtor is enjoined from filing for relief under either 11 U.S.C. § 301 or 302 for a period of one (1) year from the date of this order.

DONE AND ORDERED.