**In re Mickey Dean LEACH, Debtor.**

**Mickey Dean LEACH, Appellant,**

v.

**UNITED STATES of America INTERNAL REVENUE SERVICE, Appellee.**

**Bankruptcy No. 90–00695.**
**BAP No. WW–90–1580–JMeR.**

United States Bankruptcy Appellate Panel for the Ninth Circuit.

Argued and Submitted on Feb. 21, 1991.

Decided July 23, 1991.

Linda Barnard–King, Tacoma, Wash., for Mickey Dean Leach, appellant.

Emily J. Kingston, Washington, D.C., for U.S.

Before JONES, MEYERS and RUSSELL, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

### OVERVIEW

This is an appeal from a bankruptcy court order denying a voluntary motion to dismiss. We AFFIRM.

### FACTS

On January 30, 1990, Appellant Mickey Dean Leach ("Leach") filed a Chapter 7 bankruptcy petition. Within the 240 days prior to the filing of the petition, Appellee United States of America Internal Revenue Service, ("the United States") assessed personal federal income taxes against Leach for $39,982.78,[1] making them non-dischargeable pursuant to 11 U.S.C. § 523.[2]

On April 16, 1990, Leach filed a motion to voluntarily dismiss his Chapter 7 case. The motion was supported by affidavits which disclosed that 1) Leach had no pressing reason to file for bankruptcy when he did, 2) Leach's original counsel incorrectly advised him that his tax liabilities were non-dischargeable, 3) Leach realized only after filing for bankruptcy that the tax liabilities would have been dischargeable had he waited a few months to file his petition, 4) Leach moved to dismiss for the sole purpose of discharging the tax liabilities, and 5) if the motion were granted, Leach would re-file for bankruptcy as soon as the 240–day period had run.

The bankruptcy court denied Leach's motion to dismiss, finding that Leach had failed to show cause for dismissal under 11 U.S.C. § 707(a). Leach filed a motion for leave to appeal from the order, which motion was granted by this panel.

### ISSUE

The issue in this case is whether the bankruptcy court abused its discretion in denying Leach's voluntary motion to dismiss.

### STANDARD OF REVIEW

The granting or denial of a voluntary motion to dismiss rests within the sound discretion of the judge and is reversible only for an abuse of discretion. *In re Hall*, 15 B.R. 913, 917 (9th Cir. BAP 1981) (citing *Stern v. Barnett*, 452 F.2d 211 (7th Cir.1971)); *Blue Mountain Constr. Co. v. Werner*, 270 F.2d 305 (9th Cir.1959), *cert. denied*, 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354 (1960).

We review findings of fact for clear error, and conclusions of law *de novo*. *Pullman–Standard v. Swint*, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *In re American Mariner Indus., Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

### DISCUSSION

The bankruptcy court, as a court of law and a court of equity, may evaluate a voluntary motion to dismiss using both legal and equitable considerations. Leach argues that the bankruptcy court abused its discretion both as a matter of law and as a matter of equity.

---

**1.** The Internal Revenue Service was neither notified of the bankruptcy petition nor were the debtor's tax liabilities listed in Debtor's bankruptcy schedules.

**2.** Unless otherwise indicated, all section references are to the Bankruptcy Code, Title 11, U.S.C. §§ 101–1330.

### Legal Considerations

The law in the Ninth Circuit is clear: a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no "legal prejudice" to interested parties. *In re International Airport Inn Partnership,* 517 F.2d 510, 512 (9th Cir.1975) (cited in *Hall,* 15 B.R. at 917). Leach claims that the bankruptcy court failed to make a specific conclusion with respect to legal prejudice, and thereby abused its discretion. We disagree. Although the judge's summary order, drafted by the United States, does not mention legal prejudice, the subject was presented by the United States at the hearing on motion to dismiss:

> MR. McMAHON: [I]t's the government's position that the debtor's mistake in filing too early is not cause for dismissal.... [T]he problem is the potentiality of collection in the future will be lost by the dismissal and the subsequent re-filing in this case. So clearly, the United States is prejudiced by what the debtor proposes to do here.
>
> THE COURT: Well, I certainly sympathize with the debtor ... but I think strictly it's a legal matter. The government's position is correct; and therefore, the motion for dismissal will be denied.

Appellant's Excerpts, Exhibit K at 5–6. We determine that the court did find legal prejudice.

The instant case is substantially identical to an earlier BAP case, *In re Hall,* 15 B.R. at 917, wherein the debtors failed to file a homestead declaration until after their Chapter 7 petition had been filed. This allowed the trustee, under California law, to reach the equity in debtors' residence for payment to unsecured creditors. The debtors, who appeared *in propria persona,* argued excusable neglect and moved to dismiss. The bankruptcy court granted the motion over the objections of the bankruptcy trustee. The BAP reversed, holding that the dismissal was an abuse of discretion, causing "plain legal prejudice" to the unsecured creditors.[3] The BAP reasoned that after dismissal, the debtors could file a homestead, refile for bankruptcy, and thereby avoid any distribution to unsecured creditors. *Id.*

This case can be disposed of based on *Hall* without any further discussion.[4] The equitable considerations insisted upon by Leach are only relevant in the absence of dispositive legal arguments.

### Equitable Considerations

The bankruptcy court found that Leach had failed to show cause for dismissal under Section 707 of the Bankruptcy Code.[5] Appellant's Excerpts, Exhibit A. Leach argues that he did, as a matter of equity, show cause for dismissal: 1) his early filing was based on bad advice from his former attorney, 2) he has not acted fraudulently or in bad faith, but has been completely forthright, 3) he has no assets, 4) he is a recovering alcoholic, and 5) denial of his motion to dismiss is a denial of the fresh start guaranteed in bankruptcy.[6]

Leach argues that the bankruptcy court abused its discretion by failing to consider

---

**3.** Under *Hall,* a creditor need only show plain legal prejudice, not significant legal prejudice.

**4.** The instant Appellant argues that his facts can be distinguished from *Hall* because the instant case is a "no-asset" case. Appellee responds that dismissal will preclude it from future collections, and that this amounts to legal prejudice. *See Hammerer v. IRS,* 18 B.R. 524, 525 (Bankr. E.D.Wis.1982) (dismissal with eye toward later refiling to avoid tax liability would legally prejudice IRS).

**5.** "While a debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced." *In re Klein,* 39 B.R. 530,

532 (Bankr.E.D.N.Y.1984) (citing *In re Blackmon,* 3 B.R. 167 (Bankr.S.D. Ohio 1980)). Dismissal may only occur after a hearing on notice and only for cause. 11 U.S.C. § 707(a); Bankruptcy Rule 1017(a). Although the phrase "for cause" is illustrated by non-exhaustive examples in the Code, it is not defined. *Hall* at 916.

**6.** Appellee argues that Debtor is not seeking one fresh start, but two. *See In re Underwood,* 24 B.R. 570, 572 (Bankr.S.D.W.Va.1982). The Bankruptcy Reform Act permits a debtor to receive a discharge in bankruptcy every six years. Through the filing-dismissal-filing sequence, Debtor seeks to abuse that periodic statutory right. *Id.* (citing *In re Poirier,* 16 B.R. 691 (Bankr.D.Conn.1982)).

these equitable arguments. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 at 173 (1971) (refusal to consider any equities of the plaintiff in considering a voluntary motion to dismiss is a denial of a full and complete exercise of judicial discretion). However, the record indicates that the court did take into consideration Leach's equitable arguments:

> THE COURT: Well, I certainly sympathize with the debtor, but based on what's set forth in this record, namely, that the debtor received poor legal advise [sic] and as a result of that filed the case too early, subsequently, found out had he waited a short period of time, he could have discharged these taxes.
>
> Then, of course, the debtor has other problems that both counsel have referred to. However, I think strictly as a legal matter the position of the government is correct, namely, the fact that the case was filed too early to discharge certain debts is not cause for dismissal so as to give the debtor an opportunity to re-file.

Appellant's Excerpts, Exhibit K at 6. The court recognized that the legal considerations must take precedence: the bankruptcy court would have abused its discretion, under *Hall*, had it granted Leach's motion to dismiss because of the resulting legal prejudice to the United States.

## CONCLUSION

The bankruptcy court did not abuse its discretion in denying Leach's voluntary motion to dismiss. The bankruptcy court order denying Leach's voluntary motion to dismiss is hereby AFFIRMED.