In re Randall M. HICKMAN, Debtor.

Randall M. Hickman, Appellant,

v.

Linda Hana;  A.A. Perlmutter;
Gerald Davis, Chapter 7
Trustee, Appellees.

BAP No. SC–07–1422–KMkDo.
Bankruptcy No. 07–02628.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Jan. 23, 2008.

Filed March 20, 2008.

Ronald M. Toigo, Pacific Law Center, La Jolla, CA, for Randall M. Hickman.

David J. Fillerup, Paradise, CA, for Gerald Davis, Ch. 7 Trustee.

Before: KLEIN, MARKELL, and DONOVAN,[1] Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

The chapter 7 debtor, who developed "buyer's remorse" when the trustee and creditors became aggressive, appeals the denial of his motion to dismiss his case. He contends his desire to return to state court and exercise his Seventh Amendment jury trial right against a creditor

1. Hon. Thomas B. Donovan, U.S. Bankruptcy Judge for the Central District of California, sitting by designation.

who sued him in bankruptcy trumps the effect of his having invoked equity by filing bankruptcy and provides compelling "cause" to dismiss under 11 U.S.C. § 707(a). We hold that, by filing the chapter 7 case, the debtor invoked equitable bankruptcy jurisdiction in which the Seventh Amendment jury right does not apply in proceedings to restructure his debtor-creditor relations and that his later change of mind does not constitute sufficient § 707(a) "cause" to dismiss the case so as to overcome opposition to dismissal. Hence, we AFFIRM.

## FACTS

At the first session of the meeting of creditors in the voluntary chapter 7 case of appellant Randall Hickman on June 25, 2007, trustee Gerald Davis was not satisfied that assets and financial dealings were accurately disclosed. He continued the meeting until July 16, 2007, to afford Hickman time to amend his schedules and statements and to turn over records, including bank statements, an accounting for a trust, and a tax return.

Hickman was so distressed by the June 25 interrogation conducted on behalf of Linda Hana, who was the plaintiff in an automatically stayed state-court action against him, that he "decided to simply dismiss the bankruptcy and litigate the issues in state court before a jury of my peers." [2]

Hickman did not attend the July 16 session, did not obey the trustee's direction to produce information and records, and did not file the promised amendments of his schedules and statement of financial affairs. The meeting was contin-

ued several more times and remained uncompleted when this appeal was filed.

Three adversary proceedings were filed against Hickman in August 2007. Hana filed a nondischargeability action under 11 U.S.C. § 523(a)(4) and (6). A.A. Perlmutter sought to except his judicially-confirmed arbitration award from discharge under § 523(a)(2). The trustee objected to Hickman's discharge.

Hickman filed a motion to dismiss the chapter 7 case on September 20, 2007, asserting that his preference for jury trial in the Hana dispute provided "cause" to dismiss under § 707(a) so that a jury trial could be heard in state court.

Having been truant from the July 16 and August 23 sessions, Hickman attended a continued meeting of creditors on September 27, 2007, at which time he had not yet amended his schedules but did produce some of the requested documentation. The partial production revealed transfers of $53,000 to Hickman's son.

Hickman amended his schedule of assets on October 5, 2007, adding interests in six entities and a counterclaim against Hana for the amount of a $2,317,539.50 judgment debt against Hickman.

At the hearing on Hickman's motion, two creditors and the trustee opposed dismissal of the case. No creditor supported dismissal. Hickman argued his right to trial by jury in nonbankruptcy court constituted "cause" to dismiss the case, which he saw as not harming creditors. The order denying the motion was entered November 7, 2007. This timely appeal ensued.

---

**2.** Decl. of Randall M. Hickman in Support of Motion to Dismiss (9/20/07) at 3 ("Hana's attorney began interrogating me at the 341a [sic] hearing and I felt that the hearing was becoming a deposition or a quasi-trial. I discussed my concerns with my counsel and decided to simply dismiss the bankruptcy and litigate the issues in state court before a jury of my peers.").

## JURISDICTION

Subject-matter jurisdiction was founded on 28 U.S.C. § 1334 over this core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I). An order denying a motion to dismiss a bankruptcy case is ordinarily interlocutory. *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 n. 24 (9th Cir.2007)(chapter 7); *Dunkley v. Rega Props., Ltd. (In re Rega Props., Ltd.)*, 894 F.2d 1136, 1137–39 (9th Cir.1990)(chapter 11). We exercised our authority to grant leave to appeal the interlocutory order, fixed an expedited schedule, and declined to issue a stay pending appeal. Hence, our jurisdiction is founded upon 28 U.S.C. § 158(a)(3).

## ISSUES

1. Whether a voluntary chapter 7 debtor can compel dismissal of a chapter 7 case because he decides he prefers his Seventh Amendment jury trial right over restructuring debtor-creditor relations under equitable bankruptcy jurisdiction.

2. Whether the bankruptcy court abused its discretion in concluding that the movant did not demonstrate "cause" sufficient to warrant dismissal of the bankruptcy case under § 707(a).

## STANDARD OF REVIEW

■ We review the denial of debtor's motion to dismiss his chapter 7 case for abuse of discretion. *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 365 (9th Cir. BAP 2004). If the trial court applied a correct legal standard and did not operate under a clearly erroneous view of the facts, we can reverse only if we have a definite and firm conviction that there was a clear error of judgment in the conclusion reached. *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir.2002); *Bartee*, 317 B.R. at 365.

## DISCUSSION

Hickman found bankruptcy inhospitable. The trustee asked hard questions and objected to discharge. Creditors filed nondischargeability actions. Hickman wanted to extricate himself by having the case dismissed. The court rejected his argument that a new-found Seventh Amendment preference for jury trial in a nonbankruptcy court constituted sufficient "cause" under § 707(a) to dismiss his voluntary case over opposition and was not persuaded that the balance of interests favored dismissal.

### I

As Hickman relies primarily upon his Seventh Amendment right to trial by jury in the dispute with Hana as the basis to provide the "cause" warranting dismissal under § 707(a), we must resolve the embedded question of whether a chapter 7 debtor has a right to jury trial in a dispute with a creditor who files a nondischargeability action against him in bankruptcy court. If so, then the alternatives (in absence of consent to jury trial in bankruptcy court) would be either to have the reference under 28 U.S.C. § 157(a) withdrawn for a jury trial to occur in district court or to permit the matter to be tried in state court. If, however, there is no right to jury trial in the pertinent bankruptcy litigation, then the dilemma does not arise.

We have held that a creditor has no right to trial by jury on a § 523 nondischargeability issue and have suggested that the same result would apply to debtors, but we have not heretofore made a debtor-specific analysis. *Locke v. United States Tr. (In re Locke)*, 205 B.R. 592, 599–600 (9th Cir. BAP 1996).

### A

■ We start with the nature of bankruptcy jurisdiction. Despite lurking ques-

tions about the parameters of legal and equitable bankruptcy jurisdiction, it is long settled that bankruptcy courts are primarily courts of equity where actions involving the process of allowance and disallowance of claims or the restructuring of the debtor-creditor relationship are "triable only in equity" with "no Seventh Amendment right to a jury trial." *Langenkamp v. Culp,* 498 U.S. 42, 44–45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990); *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 59 & n. 14, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) ("*Granfinanciera*"); *Katchen v. Landy,* 382 U.S. 323, 336–38, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Barton v. Barbour,* 104 U.S. 126, 133–34, 26 L.Ed. 672 (1881).

In those situations in which there is a jury trial right, such as in *Granfinanciera,* the Seventh Amendment and bankruptcy jurisdiction coexist in the sense that there is no impediment to the conduct of a jury trial within the umbrella of bankruptcy jurisdiction under 28 U.S.C. § 1334. *Granfinanciera,* 492 U.S. at 50, 109 S.Ct. 2782. Whether the bankruptcy court or the district court conducts the trial depends upon whether the district court has authorized the bankruptcy judges of the district to conduct jury trials and whether the parties have consented. 28 U.S.C. § 157(e); Fed. R. Bankr.P. 9015. In the absence of such permission and consent, trial occurs in the district court.

■ When a creditor files a claim in bankruptcy, that claim and all counterclaims are triable in equity without a jury even though such claims or counterclaims are otherwise legal in nature and entitled to trial by jury. *Langenkamp,* 498 U.S. at 44, 111 S.Ct. 330; *Granfinanciera,* 492 U.S. at 58, 109 S.Ct. 2782. This extends to claims for affirmative relief. *Langen-*

*kamp,* 498 U.S. at 44, 111 S.Ct. 330 (i.e., claims that are "integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.*" [emphasis in original] ); *Katchen,* 382 U.S. at 334–35, 86 S.Ct. 467.

■ The rationale is that by "invoking the court's jurisdiction to establish [one's] right to participate in the distribution" one subjects himself to "all the consequences that attach to an appearance." *Alexander v. Hillman,* 296 U.S. 222, 241, 56 S.Ct. 204, 80 L.Ed. 192 (1935), *quoted with approval by, Katchen,* 382 U.S. at 335, 86 S.Ct. 467, *and Granfinanciera,* 492 U.S. at 59 n. 14, 109 S.Ct. 2782. Thus, by filing a claim, the creditor triggers the claim allowance process that is "integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction" and "subject[s] himself to the bankruptcy court's equitable power."[3] *Langenkamp,* 498 U.S. at 44, 111 S.Ct. 330 (emphasis omitted).

We are presented, however, with a different question: the right of a chapter 7 debtor, not a claim-filing creditor, to trial by jury. The answer may nevertheless be drawn from the rationale of Supreme Court decisions involving creditors.

## B

■ The precise question focuses upon the Hana litigation because the only jury right in sight applied to the Hana dispute that was pending in the state trial court before bankruptcy.

The procedural posture before us is that Hana filed an adversary proceeding in which she sought to except a debt from discharge together with a money judgment thereon. Meanwhile, Hana's state-court

---

**3.** Arguably, the statute excepts personal injury tort and wrongful death claims that, per 28 U.S.C. § 157(b)(5), "shall be tried in [a] dis-

trict court" even though they implicate the debtor-creditor relation. 28 U.S.C. § 157(b)(5).

action against Hickman remains pending in state court subject to the bankruptcy automatic stay.

The jurisprudential analysis of Hana's nondischargeability action is straightforward. In *Granfinanciera*, which is the modern manifesto of the Seventh Amendment jury trial right in bankruptcy, the Court, reaffirming *Katchen* ("as *Katchen* makes clear"), explained that "by submitting a claim against the bankruptcy estate, creditors *subject themselves* to the court's equitable power to disallow those claims." *Granfinanciera*, 492 U.S. at 59 n. 14, 109 S.Ct. 2782 (emphasis added).

Hickman does not have a jury trial right with respect to the determination and liquidation of the amounts at issue in Hana's § 523 adversary proceeding complaint because such claims are integral to the adjustment of the debtor-creditor relationship. *Schieber v. Hooper (In re Hooper)*, 112 B.R. 1009, 1012–13 (9th Cir. BAP 1990). We limited our ruling in *Hooper*, which was decided after *Granfinanciera* but before *Langenkamp*, to the unavailability of jury trial on the § 523 question of excepting a debt from discharge and did not reach the question whether a jury trial was available on the question of the quantum of damages. *Hooper*, 112 B.R. at 1012–13.

The Ninth Circuit, however, later extended the *Hooper* result to damages in a nondischargeability action. *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 870 (9th Cir.2005), *cert. denied*, 547 U.S. 1206, 126 S.Ct. 2890, 165 L.Ed.2d 917 (2006). Under *Sasson's* reasoning, because determination of dischargeability is "exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain *without the assistance of a jury*." *Sasson*, 424 F.3d at 869–70 (*quoting Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017–18 (9th Cir. 1997)) (emphasis added). Hence, Hickman is not entitled to a jury trial on Hana's adversary proceeding complaint.

■ The focus shifts to whether the $2,317,539.50 counterclaim against Hana that Hickman lists in his amended schedules is so integral to the adjustment of the debtor-creditor relationship that it is subsumed within equitable bankruptcy jurisdiction. While we do not know the details of the theory of the putative cause of action and whether it would be a compulsory or permissive counterclaim, we do know that it arose prepetition and that it exactly equals the amount of a judgment against Hickman. Hence, it also figures into the debtor-creditor relationship.

Moreover, Hickman's argument fallaciously assumes that he has unfettered control over the putative counterclaim. He does not. Rather the counterclaim is property of the estate that belongs to the chapter 7 trustee. At most, Hickman could assert it only to the extent of providing a basis for a defensive offset. The question, then, is whether the Seventh Amendment applies to a defensive offset that is integral to the debtor-creditor relationship.

The Supreme Court supplied the answer in *Granfinanciera* when it explained that the bankruptcy court's equitable power extends to the resolution of counterclaims, "even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate." *Granfinanciera*, 492 U.S. at 59 n. 14, 109 S.Ct. 2782 (emphasis added). It reasoned that such matters were "integral to the restructuring of debtor-creditor relations." *Id.* at 58, 109 S.Ct. 2782. As such, the erstwhile

legal issue is transformed into an equitable issue.

It follows that Hickman has no jury trial right in the bankruptcy adversary proceeding, even on the counterclaim to the extent that he has the ability to assert it, because he is subject to the Supreme Court's subject-themselves-to-the-court's-equitable-power analysis.

By filing a chapter 7 case, Hickman invoked the bankruptcy court's equitable jurisdiction in a more profound manner than a mere creditor who has the Hobson's choice either to submit to the equitable power of the court or to forego a bona fide claim. The act of filing the chapter 7 case causes the equitable bankruptcy proceeding to come into existence. All property of the debtor and property of the estate passes into the exclusive jurisdiction of the court. 28 U.S.C. § 1334(e). Hickman is a participant in the distribution scheme, which is the end product of the allowance and disallowance of claims. 11 U.S.C. § 726(a)(6). Whether to discharge debts and whether to except particular debts from discharge are questions integral to restructuring debtor-creditor relations. Indeed, the filing by the debtor of the bankruptcy case is the most basic instance of invoking the equitable jurisdiction of the bankruptcy court.

The underlying principle, then, to be drawn from the Supreme Court decisions is that the crucial event is the act of a chapter 7 debtor coming into a court of equity to seek "restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.*" *Langenkamp,* 498 U.S. at 44, 111 S.Ct. 330 (emphasis in original). Issues that are ordinarily legal are transformed into equitable issues for which jury trial is not

available, and the actor gives up the right to contend otherwise.[4]

We agree with the Sixth and Seventh Circuits that the analysis does not differ as between debtor and creditor. *Longo v. McLaren (In re McLaren),* 3 F.3d 958, 960–61 (6th Cir.1993); *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1505 (7th Cir.1991). As the Seventh Circuit reasoned, if creditors lose a Seventh Amendment jury trial right by filing a claim, then "debtors who initially choose to invoke the bankruptcy court's jurisdiction to seek protection from their creditors cannot be endowed with any stronger right." *Hallahan,* 936 F.2d at 1505; *cf., Germain v. Conn. Nat'l Bank,* 988 F.2d 1323, 1330 (2d Cir.1993) (construing *Hallahan,* on remand from Supreme Court).

In this instance, Hickman filed the bankruptcy case to restructure his debtor-creditor relationship with, among others, Hana. The particular relationship with Hana involves both Hana's claim against Hickman and Hickman's counterclaim against Hana.

■ To the extent that the counterclaim could lead to affirmative relief, it is, as noted, property of the estate controlled by the trustee as to which Hickman has no authority to bind the trustee. He could, however, raise it defensively in the same manner as one may be permitted to assert a time-barred claim defensively, even though he could obtain no affirmative relief. If he were to do so, however, *Langenkamp* teaches that he is not entitled to trial by jury on his counterclaim.

Nor would such a defense strategy impair the rights of the trustee to obtain an affirmative recovery in a separate action. The trustee would not be bound by an

---

4. Precision warrants noting that this is not a "waiver" in the sense of not timely demanding a jury. Fed.R.Civ.P. 38(d). Rather, the actor elects to pursue a remedial scheme in which a jury trial is not available and agrees to be bound by the result.

outcome adverse to Hickman so long as he does not become party to the action or agree to be bound. RESTATEMENT (SECOND) OF JUDGMENTS §§ 27–29, 34 & 40.

In sum, by the act of filing the voluntary chapter 7 case, Hickman invoked the equitable jurisdiction of the bankruptcy court to restructure his relations with his creditors and thereby agreed to litigate the adversary proceeding filed by Hana in the bankruptcy court that was addressed to her claim against him, and all counterclaims, in equitable proceedings in which the Seventh Amendment does not apply.[5]

## II

A chapter 7 bankruptcy case may be dismissed "only for cause." 11 U.S.C. § 707(a). In the end, the question is whether there was § 707(a) "cause" to dismiss the case.

## A

The term "for cause" is defined in the Bankruptcy Code only by way of a list of three examples—unreasonable delay prejudicial to creditors, nonpayment of filing fees, and not filing schedules—that is plainly incomplete. 11 U.S.C. § 707(a)(1)-(3); *Sherman*, 491 F.3d at 970; *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir.2000).

■ When the asserted "cause" for dismissal is not one of the three items listed in § 707(a), the first question is whether the asserted "cause" is contemplated by a specific Bankruptcy Code provision. If so, then there is no § 707(a) "cause." *Sherman*, 491 F.3d at 970; *Padilla*, 222 F.3d at 1194.

■ If there is no specific Bankruptcy Code provision that addresses the asserted "cause," the question becomes whether the totality of circumstances amount to § 707(a) "cause." *Sherman*, 491 F.3d at 970; *Leach v. United States (In re Leach)*, 130 B.R. 855, 856 (9th Cir. BAP 1991).

■ The dismissal decision rests within the sound discretion of the court and is reversible only for abuse of discretion. *Schroeder v. Int'l Airport Inn P'ship (In re Int'l Airport Inn P'ship)*, 517 F.2d 510, 511 (9th Cir.1975) (Bankruptcy Act); *Gill v. Hall (In re Hall)*, 15 B.R. 913, 917 (9th Cir. BAP 1981) (*Int'l Airport Inn P'ship* remains good law under Bankruptcy Code).

■ A case will not be dismissed on the motion of a debtor if such dismissal would cause "some plain legal prejudice" to a creditor. *Int'l Airport Inn P'ship*, 517 F.2d at 512; *Leach*, 130 B.R. at 857–58. The question of prejudice resulting from dismissal may be evaluated using both legal and equitable considerations. *Leach*, 130 B.R. at 856. Thus, we found abuse of discretion in the dismissal of a chapter 7 case at the debtor's request because "plain legal prejudice" would result from the ability of the debtor to claim materially greater exemptions upon a refiling, with concomitant diminution of property available to be distributed to creditors. *Hall*, 15 B.R. at 917. Similarly, we have affirmed a refusal to dismiss when the bankruptcy court perceived legal prejudice. *Leach*, 130 B.R. at 857–58.

## B

■ Hickman's theory on his motion to dismiss runs afoul of the first step of the

---

5. This appeal involves only a chapter 7 debtor's rights in bankruptcy litigation involving adjustment of the debtor-creditor relationship. We do not address actions that do not implicate the debtor-creditor relationship.

Whether a trustee, or a debtor under another chapter, may have a jury right is left to another day. *See Germain*, 988 F.2d at 1329–30 (chapter 7 trustee entitled to jury trial on postpetition cause of action).

*Padilla–Sherman* § 707(a) test. As we have already explained, while there are some rights to jury trial in bankruptcy, there is no right to jury trial in Hickman's dispute with Hana. Even if Hickman had such a jury trial right in bankruptcy, Hickman's theory that he is entitled to have his bankruptcy case dismissed fails; he *could* have his jury trial in the federal court within the confines of federal bankruptcy jurisdiction. Thus, the Seventh Amendment does not provide § 707(a) "cause" to dismiss a bankruptcy case.

The real question on the motion to dismiss, however, was whether the totality of the circumstances added up to § 707(a) "cause." *Sherman,* 491 F.3d at 970; *Leach,* 130 B.R. at 856.

■■■ Hickman, as movant, had the burden of persuasion. Hence, he had the burden to demonstrate, among other things, that there would be no legal prejudice resulting from the dismissal. He contended that his creditors would be better off outside bankruptcy by returning to state court. Two creditors did not agree and preferred to eschew the revolving door. Nor did the bankruptcy trustee agree. The bankruptcy court was not persuaded that Hickman met his burden on this or any other point.

■■■ On appeal, Hickman does not grapple with the implications of his non-performance of his duties as debtor. He shirked his duty to disclose all assets and financial affairs. 11 U.S.C. § 521(a)(1). That duty required him to prepare the bankruptcy schedules and statements "carefully, completely, and accurately" and bear the risk of nondisclosure. *Diamond Z Trailer, Inc. v. JZ L.L.C. (In re JZ L.L.C.),* 371 B.R. 412, 417 (9th Cir. BAP 2007)(citing *Cusano v. Klein,* 264 F.3d 936, 946–49 (9th Cir.2001)); *In re Mohring,* 142 B.R. 389, 394 (Bankr.E.D.Cal.1992).

Hickman also shirked his statutory duty to cooperate with the trustee. 11 U.S.C. § 521(a)(3). In fact, he largely ignored the trustee, perhaps trying to manipulate his way to dismissal, until the trustee objected to his discharge. This will not do.

■■■ A debtor invoking the protection of the Bankruptcy Code must shoulder the responsibilities attendant to this protection, including accounting for assets and completing schedules in good faith, and may not engage in questionable or fraudulent conduct and then expect to have the case dismissed once such conduct is discovered. *Bartee,* 317 B.R. at 367.

In *Bartee,* we reasoned that unexplained discrepancies and lack of cooperation with the trustee's efforts to obtain information supported the bankruptcy court's ruling that the debtors did not demonstrate absence of prejudice to creditors upon dismissal of the case. *Id.* This case is no different.

Several other considerations undermine the force of Hickman's argument that the Seventh Amendment compels dismissal of the chapter 7 case. First, Hickman deliberately chose to invoke equitable bankruptcy jurisdiction by filing the chapter 7 case in the first instance. An analogy lies in the rules governing federal civil litigation, where a party's failure to make a timely jury demand "constitutes a waiver by the party of trial by jury." Fed. R.Civ.P. 38(d); *United States v. Moore,* 340 U.S. 616, 621, 71 S.Ct. 524, 95 L.Ed. 582 (1951). An untimely request for a jury must be made by motion, over which decision the trial court has broad discretion. Fed.R.Civ.P. 39(b); *Chandler Supply Co. v. GAF Corp.,* 650 F.2d 983, 987–88 (9th Cir.1980) (denying motion); 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 39.31[3] (3d ed.2007). The same rationale supports the proposition that a debtor's post-bankruptcy desire for a jury trial

on an issue that would be resolved in bankruptcy without a jury is not apodictic.

Second, the putative $2,317,539.50 counterclaim against Hana is a cause of action that is property of the estate that Hickman is not entitled to control over the objection of the chapter 7 trustee. To the extent it has merit (we so assume purely for purposes of analysis), Hickman has already committed himself to sharing the proceeds with his creditors. Correlatively, dismissal would operate to abandon all assets, including the counterclaim, to the potential detriment of creditors.

Finally, there is an important interest related to the integrity of the bankruptcy system. When a debtor's choice to commence a chapter 7 case backfires, a debtor is not entitled to escape by awarding himself a dismissal either by declining to perform his statutory duties or by recanting the commitment to have debtor-creditor relations adjusted in equitable proceedings.

In short, considerations pertinent to "cause" in this instance, in addition to Hickman's desire to extricate himself from an uncomfortable predicament, included the views of creditors, the state of Hickman's compliance with his duties as a chapter 7 debtor, and the view of the chapter 7 trustee.

We cannot say that the bankruptcy court abused its discretion when it denied the motion to dismiss the case.

## CONCLUSION

The Seventh Amendment jury trial right does not apply in litigation conducted in bankruptcy court to restructure the debtor-creditor relationship if the debtor is the one who originally invoked the equitable jurisdiction of the bankruptcy court. Here, the debtor's recantation of that choice does not provide sufficient § 707(a)

"cause" to dismiss over opposition. Hence, the denial of the debtor's motion to dismiss was not an abuse of discretion. AFFIRMED.