NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.  NV-13-1325-JuKiTa |
| ) | |
| DIAN L. GROSSMAN, ) | Bk. No.  13-13792-LBR |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| BRIAN D. SHAPIRO, ) | |
| Chapter 7 Trustee ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | M E M O R A N D U M[*] |
| ) | |
| DIAN L. GROSSMAN, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on January 24, 2014
at Las Vegas, Nevada

Filed - February 4, 2014

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Linda B. Riegle, Bankruptcy Judge, Presiding
_____

Appearances:     Brian D. Shapiro, Esq., argued pro se,
Christopher Burke, Esq. argued for appellee
Dian L. Grossman.
_____

Before:  JURY, KIRSCHER, and TAYLOR, Bankruptcy Judges.

_____

     [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Debtor Dian L. Grossman filed a motion to dismiss her bankruptcy case under § 707(a)[1] after chapter 7 trustee, Brian D. Shapiro, asserted that $2,500 of the $5,000 monthly payment that debtor received from her former spouse pursuant to a divorce decree was nonexempt and could be used to pay her creditors. The bankruptcy court granted debtor's motion, and trustee appealed. For the reasons set forth below, we REVERSE the bankruptcy court's decision, VACATE the dismissal order and REMAND this case to the bankruptcy court with instructions to reinstate the case on its docket.

## I. FACTS

Prior to her bankruptcy filing, debtor went through a divorce. Under the divorce decree, debtor is entitled to $390,000 from her former spouse, which was characterized as an equalization payment. Debtor's former spouse agreed to pay her $30,000 upon execution of the Marital Settlement Agreement, followed by monthly payments of $2,500 commencing February 1, 2005, and continuing until paid in full, for a period of approximately twelve years. A copy of the divorce decree is not included in the record.

On April 30, 2013, debtor filed her chapter 7 petition. Shapiro was appointed the trustee. Debtor listed no real property in Schedule A and listed minimal personal property in Schedule B. Debtor did not include the equalization payment as

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

-2-

an asset in Schedule B, but listed a $5,000 monthly payment from her former spouse as her only source of income under alimony/maintenance in Schedule I. In her Statement of Financial Affairs, debtor showed under the heading "[i]ncome other than from employment or operation of business" that she had received $60,000 in alimony/maintenance payments for the years 2011 and 2012 and $15,000 in 2013. Debtor did not claim any portion of the payments exempt. Debtor listed $111,589.30 in unsecured debt, almost all of which is attributable to medical debt.

Prior to the § 341(a) meeting of creditors, debtor's counsel provided trustee with a copy of debtor's divorce decree showing that she was entitled to $390,000 from her former spouse. At the creditors' meeting, debtor testified under oath that she receives and has been receiving $5,000 monthly payments from her former spouse and that she estimated that the equalization payments would continue until the year 2017. Trustee acknowledged that $2,500 of the $5,000 monthly payment was exempt as spousal support.[2]

On June 7, 2013, debtor moved to have her case dismissed under § 707(a). Debtor alleged that she had severe health problems prior to her bankruptcy filing and that her condition was chronic.[3] She therefore expected to incur significant

---

[2] Apparently the divorce decree provided for spousal support at $2500 per month in addition to the equalization payment.

[3] Debtor declared that she had been diagnosed with cardiomyopathy (literally heart muscle disease) and that her heart was working at thirty-five percent.

-3-

medical debt in the future. Debtor also wanted to avoid any litigation regarding the nonexempt assets and to use any additional income or assets to pay her creditors outside of a bankruptcy proceeding.

Trustee opposed, arguing that dismissal would not be equitable under the circumstances. Trustee maintained that (1) debtor had failed to disclose the equalization payment she was owed under the divorce decree in Schedule B; (2) debtor's reasons for dismissal, i.e., the risk of incurring large medical bills in the future and wanting to pay her creditors outside of bankruptcy, were the result of her failure to investigate her true financial picture; and (3) dismissal was prejudicial to the creditors of debtor's bankruptcy estate.[4]

On July 10, 2013, the bankruptcy court orally granted debtor's motion. The court took note of debtor's medical condition and her bills. The court further stated:

> So I just don't get what good it does to put somebody more deeply in debt under the possibility of trying to collect this amount of money. And for that matter, I don't know why she just doesn't go back in and get it recharacterized as support . . . if she's ill.

> They probably did it for tax reasons. I'm going to grant the motion to dismiss. I just don't think it makes sense to put somebody deeper in debt, to incur more medical bills, on the possibility of collecting $2,500 a month for four years to keep this estate

---

[4] Trustee filed a declaration in support of his opposition which characterized the equalization payment as an asset of the estate which he could administer for the benefit of the creditors. He based this characterization on his review of the divorce decree.

-4-

open.  The administrative assets[5] would eat up anything that goes to creditors, so I'll grant the motion to dismiss.

The bankruptcy court entered the order dismissing the case two days later.  Trustee timely filed a notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court abused its discretion in dismissing debtor's case under § 707(a).

## IV. STANDARD OF REVIEW

We review the bankruptcy court's grant of a voluntary motion to dismiss for an abuse of discretion.  Hickman v. Hana (In re Hickman), 384 B.R. 832, 840 (9th Cir. BAP 2008).  The bankruptcy court abuses its discretion when it fails to identify and apply "the correct legal rule to the relief requested," United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), or if its application of the correct legal standard was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record,'" id. at 1262.

## V. DISCUSSION

Section 707(a) states that a court may dismiss a chapter 7 case "only for cause[.]"  In the Ninth Circuit, a case will not

---

[5] We assume the court was referring to administrative expenses.

-5-

be dismissed on the motion of a debtor if such dismissal would cause some prejudice to a creditor. Leach v. United States (In re Leach), 130 B.R. 855, 857-58 (9th Cir. BAP 1991). The question of prejudice resulting from dismissal may be evaluated using both legal and equitable considerations. Id. at 856; see also In re Hickman, 384 B.R. at 841 (the totality of the circumstances should be considered in evaluating cause for dismissal and plain legal prejudice). Debtor had the burden of proving that dismissal would not prejudice her creditors. Bartee v. Ainsworth (In re Bartee), 317 B.R. 362, 365 (9th Cir. BAP 2004).

There is no evidence in the record to show that dismissal of debtor's case would not prejudice her creditors and nowhere does the bankruptcy court mention prejudice to creditors in its ruling. Although debtor stated that she wanted to use any additional income or assets she had to pay her creditors outside of bankruptcy, her Schedule F shows over $111,000 in unsecured debt, her Schedule I shows that she is unemployed and that the $5,000 payment from her former spouse is her only income, and her Schedule J shows that her expenses exceed her income. See In re Hopkins, 261 B.R. 822, 823 (Bankr. E.D. Pa. 2001) (debtor's own testimony and schedules cast doubt on her ability to pay creditors). Further, debtor's medical condition and her asserted risk of incurring future medical debt[6] reflect that she proposed to use some or all of her income from her former spouse

---

[6] Other than debtor's past medical bills, there was no evidence that she would continue to amass a large amount of medical debt.

to pay her postpetition bills.  Accordingly, it may be that the asset trustee seeks to recover presents the unsecured creditors with the best opportunity for satisfaction of their claims.  On this record, debtor failed to carry her burden of proving that dismissal of her bankruptcy petition would not prejudice her creditors.

In addition, trustee asserted at least two reasons why it would be inequitable to dismiss debtor's case:  her failure to list the equalization payment in Schedule B and her "carelessness" in failing to evaluate her true financial picture before filing.  Nowhere does the court mention these equitable considerations.  Further, the bankruptcy court implied that trustee would not be able to administer the asset because debtor could request the state court to recharacterize the equalization payment as support.  There is no evidence in the record to suggest that this could be accomplished; this statement by the court was pure speculation.  Finally, the court concluded that trustee could not efficiently administer the stream of payments since they would come in over a four year period.  However, the record reflects that trustee contemplated selling the asset.

In the end, we surmise that the bankruptcy court considered, as a matter of equity, only debtor's medical condition.  While debtor's situation appropriately arouses sympathy, the court applied the wrong criteria for a voluntary dismissal under § 707(a).

## VI.  CONCLUSION

For the reasons stated, we REVERSE the bankruptcy court's decision, VACATE the dismissal order and REMAND this case to the

bankruptcy court with instructions to reinstate the case on its docket.